# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEROY E. KENDALL,<br><br>    Petitioner,<br><br>    v.<br><br>CYNTHIA TAMPKINS,<br><br>    Respondent. | Case No. 1:16-cv-00659-AWI-SKO  HC<br><br>FINDINGS AND RECOMMENDATION THAT COURT DISMISS CLAIMS 1, 2, 3, AND 4 FOR LACK OF JURISDICTION<br><br>(Doc. 1) |

## SCREENING ORDER

Petitioner, Leroy E. Kendall, a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserts five claims: (1) unconstitutionally crowded living conditions; (2) unconstitutional lack of healthcare; (3) unconstitutionally poor health care; (4) unconstitutional assignment of state prisoners to county jails; and (5) newly discovered evidence that the district attorney coached the victim to lie during Petitioner's trial.  Because claims one through four concern conditions of confinement, which must be presented in a complaint pursuant to 42 U.S.C. 1983, and are not cognizable in a habeas petition, the undersigned recommends that the Court dismiss those claims and permit the petition for writ of habeas corpus to proceed only on claim five.

## I.  **Preliminary Screening**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules

1

Governing 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave to be granted. *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

## II.   Conditions of Confinement

A federal petition for writ of habeas corpus concerns whether a petitioner is in custody in violation of the Constitution. 28 U.S.C. § 2254(a). "Habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Preiser v. Rodriguez*, 411 U.S. 475, 488-89 (1973). Challenges to the conditions of prison life are properly brought under 42 U.S.C. § 1983. *McCarthy v. Bronson*, 500 U.S. 136, 142 (1991). A plaintiff may not seek both types of relief in a single action. *See Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994); *Preiser*, 411 U.S. at 498-99 n. 15; *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1990); *Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases*. Because the first four claims, alleging prison overcrowding, the availability and quality of health care, and the transfer of inmates from state prison to county jails, concern the conditions of the Petitioner's confinement, they must be advanced in a § 1983 complaint, not a habeas petition.

## III.   Certificate of Appealability

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

2

    (b)  There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

    (c)   (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—

       (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

       (B) the final order in a proceeding under section 2255.

    (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

    (3) The certificate of appealability under paragraph (1) shall indicate which specific issues or issues satisfy the showing required by paragraph (2).

If a court denies a habeas petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Although the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

Reasonable jurists would not find the Court's determination that Petitioner is not entitled to pursue § 1983 conditions-of-confinement claims in a habeas petition to be debatable, wrong, or deserving of encouragement to proceed further. Accordingly, the Court should decline to issue a certificate of appealability.

## IV.     Conclusion and Recommendation

Because claims one through four of the petition concern conditions of Petitioner's confinement, those claims are not cognizable in a petition for writ of habeas corpus but must be alleged in a complaint pursuant to 42 U.S.C. § 1983. The undersigned recommends that the Court

dismiss those claims without prejudice to Petitioner's pursuing them in a separate action. Because claim five states a cognizable habeas claim, the petition should proceed on claim five only. The Court should deny a certificate of appealability.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, Petitioner may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may constitute waiver of the right to appeal the District Court's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 ((9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 31, 2016**                    /s/ *Sheila K. Oberto*
                                                                        UNITED STATES MAGISTRATE JUDGE