1
2
3
4
5

# UNITED STATES DISTRICT COURT

6

EASTERN DISTRICT OF CALIFORNIA

7
8

LEROY E. KENDALL,

| | |
|---|---|
| Case No. 1:16-cv-00659-AWI-SKO  HC | |

9

Petitioner,

ORDER ADOPTING RECOMMENDATION
THAT COURT DISMISS CLAIMS 1, 2, 3,
AND 4 FOR LACK OF JURISDICTION AND
ALLOW PETITION TO PROCEED ON
CLAIM 5 ONLY

10

v.

11

CYNTHIA TAMPKINS,

12

Respondent.

(Doc. 6)

13
14
15

Petitioner, Leroy E. Kendall, a state prisoner proceeding *pro se* with a petition for writ of

16

habeas corpus pursuant to 28 U.S.C. § 2254, asserts five claims: (1) unconstitutionally crowded

17

living conditions; (2) unconstitutional lack of healthcare; (3) unconstitutionally poor health care; (4)

18

unconstitutional assignment of state prisoners to county jails; and (5) newly discovered evidence that

19

the district attorney coached the victim to lie during Petitioner's trial.  The Court referred the matter

20

to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 304.

21

On June 1, 2016, the Magistrate Judge filed findings and recommendations in which she first

22

recommended that the Court dismiss claims one through four, which concern conditions of

23

confinement, since those claims must be presented in a complaint pursuant to 42 U.S.C. 1983 and

24

are not cognizable in a habeas petition.  She recommended that the Court permit the petition for writ

25

of habeas corpus to proceed only on claim five, which states a cognizable claim alleging newly

26

discovered evidence of prosecutorial misconduct.

27
28

1

The findings and recommendations, which were served Petitioner on June 1, 2005, provided that objections could be served within thirty days.  Petitioner did not file any objections.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), having carefully reviewed the record as a whole and applicable law, the Court finds that the findings and recommendations are supported by the record and proper analysis.

Accordingly, the Court hereby ORDERS:

1.      The findings and recommendations filed June 1, 2016, are adopted in full;

2.      Claims one through four are dismissed without prejudice to Petitioner's bringing them in a separate action pursuant to 42 U.S.C. § 1983;

3.      The habeas petition shall proceed only on claim 5, which alleges newly discovered evidence of prosecutorial misconduct; and

4.      The Clerk of Court is DIRECTED to provide Petitioner with a form for alleging civil rights violations pursuant to 42 U.S.C. § 1983 in a separate action.

IT IS SO ORDERED.

Dated:    July 25, 2016    _____

SENIOR  DISTRICT  JUDGE

2