UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEROY E. KENDALL,<br><br>          Petitioner,<br><br>     v.<br><br>CYNTHIA TAMPKINS,<br><br>          Respondent. | No.  1:16-cv-00659-AWI-SKO  HC<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS PETITION AS UNTIMELY AND SECOND OR SUCCESSIVE**<br><br>**(Doc. 11)** |

Petitioner Leroy E. Kendall is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Respondent Cynthia Tampkins moves to dismiss the petition, contending that it is (1) untimely; (2) successive; and (3) unexhausted.  Because the petition is both untimely and second or successive, the undersigned recommends that the Court dismiss the petition for lack of jurisdiction and not address Respondent's detailed analysis of why the petition is unexhausted.

I.     **Factual and Procedural Background**

A Kern County Superior Court jury convicted Petitioner of second degree attempted murder, assault with a deadly weapon, inflicting corporal injury on a spouse, and battery on a

///

1

spouse, and found multiple sentencing enhancements to be true. On August 9, 2010, the trial court sentenced Petitioner to a determinate sentence of thirteen years.

Petitioner filed a direct appeal to the California Court of Appeal, which affirmed the judgment on September 26, 2012. The California Supreme Court denied two petitions for review on January 16, 2013. Petitioner filed no post-conviction collateral challenges in state court.

On February 8, 2013, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *Kendall v. Tampkins* (1:13-cv-00209-LJO-JLT HC). This Court denied the petition on October 30, 2015. Petitioner filed a second § 2254 petition on January 25, 2016. *Kendall v. Tampkins* (1:16-cv-00659-DAD-MJS HC). On May 4, 2016, the Court denied the petition as a second or successive petition. On May 11, 2016, Petitioner filed the above-captioned petition.

## II.     Second or Successive Petition

Because Petitioner filed this petition after April 24, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply. *Lindh v. Murphy*, 521 U.S. 320, 327 (1997). When AEDPA applies, a federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that (1) the claim rests on a new retroactive constitutional right, or (2) the factual basis of the claim was not previously discoverable through due diligence, and the new facts establish, by clear and convincing evidence, that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A) and (B).

The circuit court of appeals, not the district court, must decide whether a second or successive petition satisfies the statutory requirements to proceed. 28 U.S.C. §2244(b)(3)(A)

///

("Before a second or successive petition permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application"). This means that a petitioner may not file a second or successive petition in district court until he has obtained leave from the court of appeals. *Felker v. Turpin*, 518 U.S. 651, 656-57 (1996). In the absence of an order from the appropriate circuit court, a district court lacks jurisdiction over the petition and must dismiss the second or successive petition. *Greenawalt v. Stewart*, 105 F.3d 1268, 1277 (9th Cir. 1997).

Petitioner presents no indication that he has obtained an order from the Ninth Circuit authorizing the filing of yet another successive petition attacking the 1998 judgment of resentencing. As a result, this Court lacks jurisdiction to consider the petition and must dismiss it. *See Greenawalt*, 105 F.3d at 1277.

### III.     Timeliness of the Pending Petition

AEDPA provides a one-year period of limitation in which a petitioner may file a petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The limitations period is measured from the latest of:

>    (A)   the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B)   the date on which the impediment to filing a State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
>    (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    28 U.S.C. § 2244(d)(1).

In this case, direct review in the State of California ended January 16, 2013, when the California Supreme Court denied review. The federal statutory limitation period began on February 26, 2013, following the expiration of the 40-day period in which to seek review in the California Supreme Court. Accordingly, the one-year statutory limitation period expired on February 27, 2014. Even if this action were not barred as a second or successive petition, the above-captioned petition, filed May 11, 2016, would be barred as untimely.

## IV. Certificate of Appealability

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)  (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>   (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>   (B) the final order in a proceeding under section 2255.
>
>   (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

///

///

4

> (3) The certificate of appealability under paragraph (1) shall indicate which specific issues or issues satisfy the showing required by paragraph (2).

If a court denies a habeas petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Although the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

Reasonable jurists would not find the Court's determination that it lacks jurisdiction to consider the above-captioned habeas petition to be debatable or wrong. Accordingly, the Court should decline to issue a certificate of appealability.

## V.  Conclusion and Recommendation

The undersigned RECOMMENDS that the Court dismiss the petition for writ of habeas corpus for lack of jurisdiction, enter judgment for Respondent, and decline to issue a certificate of appealability.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, either party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections, if any, shall be served and filed within **fourteen (14) days** after service of the objections. The parties are advised that failure to file objections within the specified time may constitute waiver of the right to appeal the District

Court's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 ((9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:     **November 4, 2016**                    /s/ *Sheila K. Oberto*
                                                    UNITED STATES MAGISTRATE JUDGE